Wright, J.,
concurring in judgment only. I concur in the reversal of the judgment of the court of appeals, but am unable to join in the syllabus or in the *472 full text of the majority opinion. I agree that the trial court acted properly in allowing Danyal, a sixteen-year-old witness, to testify without first conducting a competency hearing. I further agree that the “plain error” rule does not apply to this case, because no error existed in the admission of Danyal’s testimony. I believe, however, that appellee’s judgment of conviction should be reinstated, because Danyal’s competency was never at issue before the trial court. We need not determine whether the trial court acted within the scope of its discretion in allowing Danyal to testify, because appellee never objected to Danyal’s testimony on the basis of incompetence. The trial court simply was never called upon by either the defendant or the circumstances to exercise its discretion in passing on the competency of Danyal.
It is our constitutional duty to resolve conflicts that arise between the various courts of appeals upon certification of a question of law. Section 2(B)(2)(e), Article IV, Ohio Constitution. This case is before the court pursuant to a certification of conflict by the Tenth District Court of Appeals, which posited a single question for resolution: “Is a trial court under a mandatory duty to voir dire a witness, on the question of the witness’s competency, when the witness is over ten years of age at the time of trial but was less than ten years of age at the time of the events giving rise to the witness’s testimony.” The Tenth Appellate District deemed the answer to this question to be in the affirmative and found its judgment to be in conflict with State v. Self (July 29, 1991), Clermont App. No. CA90-10-099, unreported, 1991 WL 144313, and State v. Smith (Dec. 30, 1991), Butler App. No. CA91-06-104, unreported, 1991 WL 278241. The certified question now before us should be answered in the negative in that there is no basis in Evid.R. 601 for the imposition of a mandatory requirement of voir-dire examination of any witness age ten or older where, as here, no objection is raised by the parties to the competency of the proposed witness. But, see, State v. Frazier (1991), 61 Ohio St.3d 247, 250-251, 574 N.E.2d 483, 486-487, certiorari denied (1992), 503 U.S.-, 112 S.Ct. 1488, 117 L.Ed.2d 629 (trial court must hold a competency hearing where the witness is under ten years of age).
The majority opinion accurately notes that Evid.R. 601 sets out the general rule of competency for all witnesses: “Every person is competent to be a witness except * * * children under ten years of age * * Pursuant to this rule, all potential witnesses age ten or older are to be initially treated as competent. Although the competency of a witness is a matter ultimately committed to the sound discretion of the trial judge, Evid.R. 601 does not require that a trial court pass upon the competency of each and every witness age ten or older called by a party where competency is never challenged, no request is made for voir dire examination, and no objection is made.
*473 Evid.R. 601 is not concerned with, nor does it create, presumptions as to competency. The use of the term “presumption” in reference to competency issues arises from cases predating the adoption of the Rules of Evidence in which trial courts were called upon to determine competency once competency was challenged. The majority expressly acknowledges that the accused in this ease “[a]t no time during Danyal’s testimony or any other stage of the trial * * * [challenged] Danyal’s competency to testify as to the events which occurred when she was nine years old.” Because she was sixteen years old at trial, and no objection was made regarding her competence, the trial court was not obligated to hold a competency hearing. The court of appeals should be reversed on this reasoning alone.
I note in conclusion that the majority’s statement that “a witness under the age of ten is not presumed incompetent” is clearly dictum. No proffered witness in the case at bar was under the age of ten at the time of trial. Proper resolution of controversial and complicated legal issues such as the competency of young children should be deferred until the court has before it a case in which the facts mirror the legal issues considered. To do otherwise is to render advisory opinions, an exercise from which we should refrain.
Moyer, C.J., and A.W. Sweeney, J., concur in the foregoing concurring opinion.